Good morning, your honors. May it please the court. In our appeal brief, we presented only three issues. First, the court's sua sponte power to grant a motion to reopen the case of Yang Hong Liu based upon changed circumstances per INA section 240C7C2. The record states that Mrs. Yang conceded removability at her pleadings in the Chicago immigration court in 2006. When she did not appear at the February 9, 2010 hearing, she was ordered removed in absentia. Her trouble began when she failed to receive the hearing notice or the IJs in absentia order. Her proper address was listed with the immigration court. However, even though Mrs. Yang only speaks Mandarin, she did have neighbors right next door that spoke both Mandarin and English. She was able to respond to all other bills and such that she received through the mail. She has sworn under oath that she never received the hearing notices. I might note that she has consistently responded to all other court and attorney notices. Mr. Mayor, I thought the only issue before us was the exceptional hardship issue. Well, yes, your honor, I'm getting to that. Let me jump to that now, if I may. And how we have jurisdiction to do anything about it. Well, the court has sua sponte power. Not the courts, the board. Pardon me? The board. Oh, the board. Well, this court... Why haven't you gone to the board? I did, your honor, and it was denied. Was the medical issue presented to the board? Yes, it was, and they tended to gloss over it. And considering how serious her medical condition is, the fact that it's unavailable in China, she has no relatives in China. Her family has paid all of her medical bills and taken care of her. I thought she was in remission. She is in remission, but there's a 40% chance of remission to the 8 centimeter growth that was removed from her, along with a complete hysterectomy of both ovaries and some other nodes as well. So where do we have... I confess, as a relative newcomer to immigration law, the idea of a motion for a sua sponte reopening seems like something of an oxymoron. I understand the board could do that. I don't understand how we have the power to do that. And this court has the power to review the decisions of the board. Is there anything more discretionary than declining to sua sponte reopen a case long after it's closed? Is there anything more discretionary? No, I don't believe I could say that there is. It is purely a matter of discretion on the part of the board, and consequently for this court in review of that decision. So what legal error did the board make? Well, I believe that the legal error committed by the board was that they didn't take adequate notice of her condition, the fact that she, basically if she is removed from this country with a 40% chance, with the additional problems that have surfaced, her hypertension, a number of other conditions which have been stated in the brief. But the board has not had an opportunity to address the medical issues because that wasn't presented to the board. That's what you're asking us to take note of and sua sponte recognize as a basis to overturn the denial of the motion to reopen, but the board, you never presented these arguments to the board. The motion to reopen was all about the notice issue, right? Yes, primarily. Totally. Okay. Right? Yes. I thought you told me a minute ago that the board had just overlooked this medical evidence. It wasn't presented, was it? No, it wasn't presented. So why did you tell me a minute ago that they overlooked this? I apologize to the court, I misspoke. It's the core of this whole appeal. Yes, it is. It is. We have, we stated in the first, under the argument section, the first sentence that we were conceding the issues of notice. Why don't you file a new motion with the board or the immigration judge based squarely on the medical issues? There's nothing to prevent that, is there? You're filing such a motion? Asking the board to exercise its discretion, right? Consider the issue? My understanding is, Your Honor, that once a final decision has been issued, that they won't hear anything beyond that at the BIA. Well, I see you understand. Is that a rule or a practice or what? I believe it's a practice. I don't understand that. If they have this power to grant relief, their own whim, then what is to prevent them from considering a new motion? Motion just asking them, you know, exercise your discretion, can't force you, but we'd like, we have all this money. We have all this medical evidence. We'd like you to take another look. There's nothing to prevent the board or the immigration judge from providing relief, is there, if such a motion is filed? Your Honor, in my experience, I've never seen one granted. Have you ever seen a court do this? Suispanti, yes. A lower court. Immigration court. I meant a court of appeals. No, no, Your Honor. Okay. I would think in your position, your client's position, you'd want to exhaust all possible remedies.  Maybe this would be a first time for me. Your Honor, my understanding was that a final decision by the BIA precluded any further appeals-based... But you say they have no rule to that effect. That's my understanding. Then why should they be precluded? By their own practice. Okay. Your Honor, that's the basis of the appeal, and we would pray that the court might agree. Okay, thank you, Mr. Mayor. Thank you. Good morning, Your Honor. May it please the Court, Emmanuel Palau, for the respondent in this case, the Attorney General. The petitioner in this case has waived any arguments regarding error in the Board's June 26, 2014, decision. The only relief he seeks from this court is that this court, sua sponte, reopen her removal proceeding to present evidence of her medical condition. As the court has noted, this motion has not been presented to the court. The petitioner here has presented two prior motions to reopen, neither of which mention her medical condition whatsoever. I believe the court is correct that, at this point, a motion to reopen would be time-barred and number-barred. However, the Board could still exercise its sua sponte authority, notwithstanding those deficiencies, if the petitioner were to file a new motion to reopen before the Board. Mr. Palau, do we know the status of Ms. Yang's... Where does she stand as far as priority goes with the administration? If you're referring to prosecutor's discretion, Your Honor, we presented that to ICE, and they declined to exercise it in her case. Okay. And do we know, is China issuing documents needed to remove its nationals now? I believe they are. I think it's a convoluted, difficult process, but I do believe that that's not an impediment at this point. It's not entirely futile at this point? Well said, yes. Not entirely futile. Okay. Is she in custody, or...? No, sir. So, there being no error in the Board's decision, and petitioner not having cited any basis for this court to exercise sua sponte authority, particularly in a matter which the Board has never considered, her medical condition, we would ask the court to deny or dismiss the petition for review in this case. Okay. Thank you very much. Thank you, Your Honor.